IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-00360-SKC-CYC

ELIZABETH MORRISON and
COLE MORRISON,

    Plaintiffs,

v.

AMERICAN ECONOMY INSURANCE COMPANY,

    Defendants.

## ORDER OVERRULING DEFENDANT'S OBJECTION (DKT. 67) TO ORDER OF UNITED STATES MAGISTRATE JUDGE (DKT. 64)

The above-referenced Objection (Dkt. 67) to Magistrate Judge Cyrus Y. Chung's February 24, 2025 discovery order (Dkt. 64)[1] is now before the Court. Because Judge Chung's discovery order is neither clearly erroneous nor contrary to law, the Objection is overruled.

### BACKGROUND

On December 30, 2021, Plaintiffs' home was damaged by heat, smoke, and ash from the Marshall Fire. After Plaintiffs made a claim on their insurance policy with Defendant, Defendant subsequently paid more than $260,000 in insurance benefits

---

[1] The discovery order mis-identifies Defendant as "Safeco Insurance Company of America."

1

and $57,00 for alternate housing to Plaintiffs during their claim. Plaintiffs, however, claim their losses total $472,563.03. They sued Defendant for breach of contract and statutory and common law bad faith to recover the full amount of their claimed losses.

The Court entered a Scheduling Order on March 20, 2023, and the parties engaged in discovery for 14 months with the close of discovery occurring on May 13, 2024. Defendant filed a timely motion for summary judgment in June 2024. On January 9, 2025, Plaintiffs filed a motion to reopen discovery, which the undersigned referred to the magistrate judge. Dkts. 60, 61. The basis of the motion to reopen discovery was alleged new information Plaintiffs discovered that "toxic levels of dioxins and furans [in or around the home] create a health risk to Plaintiffs' family (two minor children) and that the only appropriate measure would be demolition and rebuild of the subject home." Dkt. 60, ¶7.

In ruling on the motion to reopen discovery, Judge Chung weighed each of the factors noted in *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987), specifically: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the deadlines contained in the Scheduling Order, (5) the foreseeability of any need for additional discovery, and (6) whether the requested discovery is likely to lead to relevant evidence. Dk.t 64, pp1-2. He found the first, fifth and sixth factors favored reopening discovery, while the second, third, and fourth factors did not. *Id.* at pp.2-7. Exercising his discretion, he granted the

2

motion in part, allowing Plaintiffs to disclose: (a) Dr. Nieusma as an affirmative expert, (b) a Total Home Inspection Services LLC report, and (c) an Enthalpy Analytical report. He also ordered a deadline for Defendant to file a notice identifying the discovery it needs to investigate and rebut Dr. Nieusma's opinions and the newly disclosed reports.

Defendant objects. It claims the magistrate judge's "application of the six factors enumerated by the Tenth Circuit was erroneous, contrary to established precedent, and is highly prejudicial." Defendant explains that "[a]lthough the Order contemplates a narrow reopening of discovery, it fails to consider that Plaintiffs' expert report introduces entirely new factual and legal issues to be litigated, and an entirely new damages model, requiring American Economy to engage in significant new discovery to defend itself."

## STANDARD OF REVIEW

Upon a timely objection, a district judge may modify or set aside a magistrate judge's order on a non-dispositive matter to the extent the order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). This standard requires affirmance unless the district judge is left with the "definite and firm conviction" that a mistake was made. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (cleaned up). This is a high bar. *Box Elder Kids, LLC v. Anadarko E & P Onshore, LLC*, No. 20-cv-2352-WJM-JPO, 2024 WL 3963505, at *5 (D. Colo. Aug. 16, 2024). It leaves no room for modifying or setting aside a magistrate judge's non-dispositive

3

order simply because the district judge might have ruled differently in deciding the matter in the first instance. *Id.*

## ANALYSIS

Defendant argues the *Smith* factors do not favor reopening discovery. Dkt. 6, pp.6-10. But it argued the same thing in its response opposing Plaintiff's motion to reopen discovery. *Compare id. with* Dkt. 62, pp.6-15. This includes making the same argument in its responsive pleading that it now makes in its Objection that the newly discovered information introduces an entirely new damages model to Plaintiffs' breach of contract claim. *See, e.g.,* Dkt. 62, p.9 ("Plaintiffs admit that their claim the home needs demolished and rebuilt adds an entirely new component of damages to their breach of contract claim.").

A party can't simply raise the same arguments that the magistrate judge considered and expect the reviewing court to treat the filing seriously. *Rosado–Lebron v. Comm'r of Soc. Sec.*, 193 F. Supp. 2d 415, 418 (D.P.R. 2002). It "is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." *In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-CV-20000-RDP, 2017 WL 11539508, at *2 (N.D. Ala. Jan. 20, 2017) (cleaned up). *See also MedEnvios Healthcare, Inc. v. United States Dep't of Health & Hum. Servs.*, No. 23-20068-Civ-Scola, 2024 WL 551837, at *2 (S.D. Fla. Feb. 12, 2024) (parties are

4

not to be afforded a second bite at the apple when they file objections); *Wheeler v. BMW of N. Am. LLC*, No. 3:20-cv-36-RJC-DSC, 2022 WL 301537, at *2–3 (W.D.N.C. Feb. 1, 2022) ("Defendant's Objection largely makes, and relies on, the same arguments already presented to and rejected by the Magistrate Judge rather than sufficiently presenting to the Court the reasons that the Magistrate Judge's Order is clearly erroneous or contrary to law.").

The arguments presented in Defendant's Objection appear to be the same arguments presented to, and considered by, Judge Chung. *See Guiden v. Leatt Corp.*, No. 5:10-CV-00175, 2013 WL 4500319, at *6 (W.D. Ky. Aug. 21, 2013) ("The arguments now advanced . . . appear to be the exact same arguments previously considered and rejected by the Magistrate Judge."). While this Court does not disagree with Defendant that the discovery order has a significant resultant impact on the course of this litigation, Judge Chung attentively weighed each *Smith* factor and issued a discovery order more limited than what Plaintiff prayed for. *See Howards v. Reichle*, No. 06-cv-01964-CMA-CBS, 2008 WL 11363652, at *2 (D. Colo. Nov. 25, 2008) ("This is exactly what the Magistrate Judge should have done to determine whether good cause existed under the facts of this case and this Court cannot nitpick at his application of the balancing test.")

And in this Court's review, none of Defendant's arguments or citations in support of their request for this Court to re-weigh the *Smith* factors in their favor demonstrate that Judge Chung committed clear error or that his conclusions were

5

contrary to law. *See, e.g., J.D. Heiskell Holdings, LLC v. Willard Dairy, LLC*, 750 F. Supp. 3d 1289, 1298 (D.N.M. 2024) ("[I]n its objections, Tiverton disagrees with the way in which the magistrate judge evaluated and balanced each of the factors. . . . In this Court's estimation, the cases Tiverton cites merely show that the application of the five-factor case is highly fact-specific, and that good jurists exercising their judgment in good faith can reach different conclusions[.]").

Further, the soul of this case is a coverage dispute for damage to Plaintiffs home from the Marshall Fire. Plaintiffs' newly discovered evidence is materially relevant to the claims in this case, further demonstrating a lack of clear error by the magistrate judge. Notably, the magistrate judge explained the evidence supporting his finding that Plaintiffs "had affirmative reason not to investigate the interior of their home until they received the new October 2024 information." Dkt. 64, p.3. And while this Court does not discount Defendant's concerns regarding additional motions practice, time, and expense associated with reopening discovery, the Court does not find these additional burdens to be so "highly prejudicial" as Defendant contends; rather, these added burdens are not unusual to the way in which the litigation-cookie sometimes crumbles when materially relevant evidence is unearthed post-discovery. *See, e.g., Baldwin v. United States*, No. 11-cv-02033-MSK-KLM, 2011 WL 5177698, at *2 (D. Colo. Nov. 1, 2011) (the "ordinary burdens associated with litigating a case do not constitute undue burden."); *Webb v. Brandon Exp. Inc.*, No. 09-cv-00792-WYD-BNB, 2009 WL 4061827, at *2 (D. Colo. Nov. 20, 2009) ("Parties always are burdened

6

by discovery and the other requirements for the preparation of a case. That is a consequence of our judicial system and the rules of civil procedure. There is no special burden here."); *Titus-Phillips v. Brit. Airways PLC*, No. 20-CV-5100-EK-SJB, 2022 WL 1177306, at *3 (E.D.N.Y. Apr. 20, 2022) ("There will inevitably be additional discovery burdens on British Airways . . . but that is true in every situation where amendment is permitted."); *Poly-Med, Inc. v. Novus Sci. Pte Ltd.*, No. 8:15-cv-01964-JMC, 2017 WL 2874715, at *4 (D.S.C. July 6, 2017) ("[T]he court does not find any resulting prejudice to the opponent, as the mere addition of claims, though it will likely add to the burdens of discovery, is not, without more, prejudicial to the opposing party.").

\*   \*   \*

For the reasons shared above, the Court finds nothing in the Objection meets Defendant's high burden of demonstrating Judge Chung's discovery order is clearly erroneous or contrary to law. And this Court is not left with a definite and firm conviction that a mistake has been made. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).

The Objection (Dkt. 67) is OVERRULED and the discovery order (Dkt. 64) is AFFIRMED.

DATED: April 18, 2025

BY THE COURT:

_____

S. Kato Crews
United States District Judge