IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00360-SKC-CYC

ELIZABETH MORRISON, and
COLE MORRISON,

    Plaintiffs,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

    Defendants.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge**.

    Plaintiffs Elizabeth and Cole Morrison ask the Court to allow them to disclose an additional affirmative expert, David Phalen. ECF No. 79. Because the Court previously reopened discovery only to a limited extent, this request falls outside of that limit, and the plaintiffs do not sufficiently argue that the Court should further reopen discovery to broaden what has been allowed, the Court denies the motion.

## DISCUSSION

    The procedural background of this case is particularly relevant to understanding the motion. The Court entered a Scheduling Order on March 20, 2023. ECF No. 24. After five requests to amend the Scheduling Order, ECF Nos. 26, 34, 37, 43, and 46, were granted in full or in part, discovery closed on May 13, 2024, and dispositive motions were due on June 10, 2024. ECF No. 48. On June 10, 2024, the defendant filed a motion for summary judgment, ECF No. 50, which was fully briefed on July 29, 2024. ECF No. 58. More than five months later, the

plaintiffs asked the Court to reopen discovery. ECF No. 60. In considering that request, the Court carefully considered the factors identified in *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987), and reopened discovery to allow the plaintiffs to "disclose Dr. Nieusma as a retained expert and disclose his report and the two other documents attached to their motion to the defendant" and to allow the defendant "to take necessary discovery to consider and challenge these documents and Dr. Nieusma as an expert." *Morrison v. Safeco Ins. Co. of Am.*, No. 23-cv-00360-SKC-CYC, 2025 WL 1155934, at *3 (D. Colo. Feb. 24, 2025) ("Morrison I"), *aff'd*, 2025 WL 1144556 (D. Colo. Apr. 18, 2025) ("Morrison II"). As ordered, the defendant filed a notice identifying what additional discovery it needed. ECF No. 68. The Court identified what limited discovery would be allowed, ECF No. 69 and *Morrison v. Safeco Ins. Co. of Am.*, No. 23-cv-00360-SKC-CYC, 2025 WL 1722125, at *3 (D. Colo. Apr. 24, 2025), and set deadlines for its completion. ECF No. 78. The plaintiffs now ask the Court to "amend" those deadlines to allow them to disclose a new affirmative expert. ECF No. 79. However, the deadlines set by the Court did not include disclosure of any additional experts by the plaintiffs. It only allowed for the defendant to "disclose one expert or rebuttal expert" "to the extent Plaintiffs seek damages calculated to include demolition and rebuild of the home." *Morrison II*, 2025 WL 1144556, at *3.

While the plaintiffs characterize their request as a motion to amend a scheduling order pursuant to Fed. R. Civ. P. 16(b)(4) and a "late disclosure of an expert witness," ECF No. 79 at 3–4, it is actually a request to further reopen discovery. *See RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, No. 16-cv-01301-PAB-GPG, 2019 WL 2135816, at *4 (D. Colo. May 16, 2019) (considering request to designate a new expert under the *Smith* factors). Put bluntly, there is no outstanding deadline for the plaintiffs to disclose an affirmative expert; that deadline

2

elapsed on December 11, 2023. ECF No. 39 at 1. And the Court's limited reopening of discovery did not include permission for the plaintiffs to disclose any expert other than Dr. Nieusma who the plaintiffs were allowed to disclose "as a retained expert" as well as "disclos[ing] his report and the two other documents attached to their motion." *Morrison I*, 2025 WL 1155934 at *3. As such, the proper standard for considering the plaintiff's current request is that set in *Smith*.

The decision to reopen discovery "is committed to the sound discretion of the trial court." *Smith*, 834 F.2d at 169. To determine whether discovery should be further reopened to allow the plaintiffs an additional affirmative expert, the Court considers (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the deadlines contained in the Scheduling Order, (5) the foreseeability of any need for additional discovery, and (6) whether the requested discovery is likely to lead to relevant evidence. *Id*. at 169.

The first factor addresses whether trial is imminent. *Id*. Trial has not yet been set. *See* ECF No. 41. The first factor therefore weighs in favor of further reopening discovery.

The second factor addresses whether the moving party's request is opposed. *Smith*, 834 F.2d at 169. The defendant opposes the request. ECF No. 62. The second factor therefore weighs against further reopening discovery.

The third factor addresses whether the non-moving party would be prejudiced. *Smith*, 834 F.2d at 169. The Court's February 24, 2025 Order allowing a limited reopening of discovery made clear that broadly reopening discovery "well after the discovery cut-off and several months after the defendant's motion for summary judgment was fully briefed, ECF Nos. 53, 56, & 58, would prejudice the defendant by extending the timeframe and expense of this case." *Morrison I*, 2025 WL 1155934, at *3. That remains true today. *See Quintana v. Edmond*, No. 06-cv-01187-

3

WDM-KLM, 2009 WL 1798219, at *2 (D. Colo. June 23, 2009) (explaining that reopening discovery to allow a plaintiff to interview the defendants would cause those defendants "to incur additional and unanticipated expenses, even if just limited to interviews, and will impact their ability to prepare for trial"). And allowing the plaintiffs to disclose Mr. Phalen's report would also prejudice the defendant because the 114-page "pricing report" is broad-ranging, covering a myriad of issues for which the defendant has not had the opportunity to take discovery. *See Grave v. Wirta*, No. 20-cv-03595-NYW, 2022 WL 1443058, at *6 (D. Colo. May 6, 2022) (finding that reopening discovery to allow the plaintiff to disclose an additional expert would prejudice the defendant because the expert would have to be deposed). The plaintiffs protest, arguing that the defendant can simply "rebut any findings it disagrees with and attack any part of Mr. Phalen's report it feels is improper under rule 702." ECF No. 79 at 5. That additional work that the plaintiffs anticipate the defendant will have to do is further evidence of prejudice, not a reason to find no prejudice. Accordingly, as it did in February, the Court finds that the third factor weighs against further reopening discovery.

The fourth factor addresses the diligence of the moving party in obtaining discovery within the guidelines established by the Court. *Smith*, 834 F.2d at 169. The Tenth Circuit has explained that "[d]emonstrating good cause under [Fed. R. Civ. P. 16(b)(4)] requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quotation marks omitted). While the plaintiffs purport to be asking the Court to amend the Scheduling Order, ECF No. 79 at 3, they do not discuss diligence in the motion. Instead, they rely on a case considering Rule 37(c)(1), which governs sanctions for failure to disclose experts when that failure was not substantially justified. *See* ECF No. 79 at 4 (citing to *Woodworker's*

4

*Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)). Given the plaintiffs' failure to address diligence and the history of this case, the Court finds that the fourth factor weighs against further reopening discovery.

The fifth factor addresses the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court. *Smith*, 834 F.2d at 169. The plaintiffs also fail to address this factor. Seven months ago the Court held that the vast majority of the information the plaintiffs claimed was new information justifying reopening discovery was "information [that] would have been found in documents already disclosed in discovery and the plaintiff[s] should have followed up on [ ] that information — if it existed — at the time." *Morrison I*, 2025 WL 1155934, at *2. The same logic applies today to the information they seek to insert into this case through the report of their new "pricing expert." ECF No. 79 at 1. Mr. Phalen begins his report by stating that he was "tasked with determining the proper scope and value for this loss, including additional damages and cost considerations related to the insurer's handling or mishandling of this loss." ECF No. 79-1 at 4. Discovery was not reopened to allow the plaintiffs to revisit their bad faith claims. The Court's February 24, 2025 Order was narrowly tailored and was not an invitation for the plaintiffs to broaden this case beyond the limitations set by that Order. However, in response to that very limited reopening of discovery, the plaintiffs offer a 114-page report from a new affirmative "pricing expert" that seeks to stretch the bounds of that Order, including opining that the defendant "erred in [its] testing, scoping, valuing, [and] handling" of the claim and "[a]s a result of mishandling, there were various additional increased costs of construction and contents repurchase expenses, wasted funds related to redundant work th[at] must occur again as well as improvements to the property that were fruitless as a result of property needing to be fully torn down and rebuilt, and damages the insured party needs to have

5

compensated by the insurer in order to be made whole." ECF No. 79-1 at 51. Mr. Phalen also opines that "[t]he [defendant] prolonged the claims process for years and burdened the insureds with living in a toxic home and paying additional claim expenses out of pocket" and again concludes that the defendant improperly handled the claim. *Id*. Beyond offering claims-handling opinions, Mr. Phalen goes so far as to offer an opinion about why society should punish insurers who, in his view, improperly handle claims because, according to him, "[l]ogic dictates that an insurer who receives rewards for doing their job improperly will be incentivized to continue these harmful and improper actions." *Id*. at 52. The plaintiffs recognize that their proposed expert's report includes "opinions related to the claims handling practices of Defendant" and suggest that if the Court grants the motion, they will "work[ ] with Mr. Phalen to ensure his opinions exclude any mention of his opinions related to the claims handling of Defendant." ECF No. 84 at 4–5. That will not do. The plaintiffs cannot seek to reopen discovery to allow a report that touches on a vast range of issues that will, in turn, require further reopening of discovery to allow the defendant to inquire into those issues and then argue that they will simply sort out scope issues later. Because much of what the plaintiffs seek to insert into this case through Mr. Phalen's "pricing report," ECF No. 79 at 3, should have been addressed prior to the close of discovery, the fifth factor weighs against further reopening discovery.

The sixth factor addresses the likelihood that the discovery will lead to relevant evidence. *Smith*, 834 F.2d at 169. Pursuant to Fed. R. Civ. P. 26(b)(1), any discovery sought must be relevant. Relevancy is broadly construed, and a request for discovery will be considered if there is any possibility that the information sought may be relevant to the claim or defense of any party. *Branch v. United Parcel Serv*., No. 18-cv-03358-PAB-KLM, 2021 WL 4820540, at *3 (D. Colo. Oct. 14, 2021). When the discovery sought appears relevant, the party resisting the

6

discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Id*. That party cannot "sustain this burden with boilerplate claims that the requested discovery is oppressive, burdensome or harassing." *Id*. (quoting *Simpson v. Univ. of Colo*., 220 F.R.D. 354, 359 (D. Colo. 2004)). "However, when a request for discovery is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Id.*

On its face, the plaintiffs' request to reopen discovery to allow them to disclose one additional affirmative expert's "pricing report," ECF No. 79 at 3, appears that it could lead to the disclosure of relevant information. However, the Court agrees with the defendant's contention that Mr. Phalen's report "far exceeds the scope of the cost to demolish and rebuild plaintiffs' home," ECF No. 82 at 4, and much of the information contained in it is a simple attempt to reopen discovery to bolster the plaintiffs' bad faith claims, which the Court explicitly warned was not the purpose of reopening discovery when it granted their prior request. *Morrison I*, 2025 WL 1155934, at *2. However, given that the fifth factor addresses prejudice to the defendant and this factor only addresses relevance, the Court finds that this factor weighs in favor of further reopening discovery.

Taking into consideration all of the *Smith* factors, the motion should be denied.

While the Court has concluded that the relevant standard is that set in *Smith* and the motion must be denied under the *Smith* factors, given that the plaintiffs purport to bring this motion under Fed. R. Civ. P. 16(b)(4), the Court will briefly address that standard as well. As the

plaintiffs recognize, ECF No. 79 at 3, Rule 16(b)(4) requires a showing of good cause which requires the movant to show the "deadlines cannot be met despite the movant's diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (quotation marks omitted). As discussed above, the fourth *Smith* factor also addresses the moving parties' diligence and the plaintiffs fail to offer any factual or legal argument regarding their diligence. As a result, they offer no basis for the Court to grant their request under Rule 16(b)(4). *See Egbert v. Griswold*, Nos. 22-cv-02943-SKC-CYC and 22-cv-02943-SKC-CYC, 2025 WL 2029922, at *3 (D. Colo. July 21, 2025) (finding that an only perfunctory effort to explain diligence was not sufficient to meet the good cause standard).

## CONCLUSION

For the foregoing reasons, the plaintiffs' Motion to Amend Scheduling Order, ECF No. 79, is **DENIED**.

Entered and dated this 22nd day of September, 2025, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge