IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-00360-SKC-CYC

ELIZABETH MORRISON and
COLE MORRISON,

      Plaintiffs,

v.

AMERICAN ECONOMY INSURANCE COMPANY,

      Defendants.

---

**ORDER OVERRULING PLAINTIFFS' OBJECTION (DKT. 87) TO
ORDER OF UNITED STATES MAGISTRATE JUDGE (DKT. 86)**

---

The above-referenced Objection (Dkt. 87) to Magistrate Judge Cyrus Y. Chung's September 22, 2025 discovery order (Dkt. 86) is now before the Court. The Court includes Judge Chung's clear recitation of the pertinent facts from his discovery order nearly verbatim, as follows:

The Court entered a Scheduling Order on March 20, 2023. Dkt. 24. After five requests to amend the Scheduling Order were granted in full or in part (Dkts. 26, 34, 37, 43, and 46), discovery closed on May 13, 2024, and dispositive motions were due on June 10, 2024. Dkt. 48. On June 10, 2024, Defendant filed a motion for summary judgment (Dkt. 50), which was fully briefed on July 29, 2024. Dkt. 58. More than five months later, Plaintiffs asked the Court to reopen discovery. Dkt. 60. In considering

1

that request, Judge Chung carefully reviewed the factors identified in *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987), and reopened discovery to allow Plaintiffs to "disclose Dr. Nieusma as a retained expert and disclose his report and the two other documents attached to their motion to the defendant" and to allow Defendant "to take necessary discovery to consider and challenge these documents and Dr. Nieusma as an expert." *Morrison v. Safeco Ins. Co. of Am.*, No. 23-cv-00360-SKC-CYC, 2025 WL 1155934, at *3 (D. Colo. Feb. 24, 2025), *aff'd*, 2025 WL 1144556 (D. Colo. Apr. 18, 2025). As ordered, Defendant filed a notice identifying what additional discovery it needed. Dkt. 68. The Court then identified what limited discovery would be allowed and set deadlines for its completion. *Morrison v. Safeco Ins. Co. of Am.*, No. 23-cv-00360-SKC-CYC, 2025 WL 1722125, at *3 (D. Colo. Apr. 24, 2025); Dkts. 69, 78.

Plaintiffs then moved the Court to "amend" those deadlines to allow them to disclose a new affirmative expert, David Phelan. Dkt. 79 (Moton to Amend Scheduling Order). Plaintiffs styled their request as one concerning the "late disclosure of an expert" and analyzed their motion applying the four-factor test from *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). *Id.* at p.4. Judge Chung, on the other hand, construed the motion as one to reopen discovery and applied the six-factor test from *Smith*, *supra*. Weighing those factors, Judge Chung denied Plaintiffs' motion. *See generally* Dkt. 86.

2

Plaintiffs timely filed an objection to Judge Chung's discovery order. They raise three objections: (1) Judge Chung erred by treating their motion as one to reopen discovery, and therefore, he applied the wrong legal standard; (2) he erred under the *Smith* factors when determining the new expert's opinions exceeded the scope of a rebuild; and (3) denial of the motion was in clear error of the undersigned's intentions. The Court also accepted a response filed by Defendant. Dkt. 91. The Court has considered Judge Chung's order, Plaintiffs' objection, Defendant's response, and other pertinent matters from the docket. For the following reasons, the objection is respectfully overruled.

## STANDARD OF REVIEW

Upon a timely objection, a district judge may modify or set aside a magistrate judge's order on a non-dispositive matter to the extent the order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). This standard requires affirmance unless the district judge is left with the "definite and firm conviction" that a mistake was made. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (cleaned up). This is a high bar. *Box Elder Kids, LLC v. Anadarko E & P Onshore, LLC*, No. 20-cv-2352-WJM-JPO, 2024 WL 3963505, at *5 (D. Colo. Aug. 16, 2024). It leaves no room for modifying or setting aside a magistrate judge's non-dispositive order simply because the district judge might have ruled differently in deciding the matter in the first instance. *Id.*

3

## ANALYSIS

It was reasonable for Judge Chung to treat Plaintiffs' request to disclose a new pricing expert, Mr. Phalen, as a motion to reopen discovery. The reasons are several. First, discovery closed on May 13, 2024. Second, the Court previously reopened discovery for limited and specified purposes. Dkts. 71, 72. Third, the prior reopened discovery did not include leave for Plaintiffs' disclosure of a pricing expert. *See generally* Dkts. 71, 72. Fourth, the four-factor balancing test from *Woodworker's Supply*, *supra*, applies to situations giving rise to a violation of Fed. R. Civ. P. 26(a) and sanctions under Fed. R. Civ. P. 37(c)(1), neither of which are postured here.[1] Fifth, the six-factor balancing test from *Smith*, *supra*, is the appropriate test when a party seeks to reopen discovery to disclose a new expert witness. *See, e.g., RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, No. 16-cv-01301-PAB-GPG, 2019 WL 2135816, at *4 (D. Colo. May 16, 2019) (applying *Smith* factors to a request to designate a new expert); *Llewellyn v. Ocwen Loan Servicing, LLC*, No. 08-cv-00179-WJM-KLM, 2013 WL 3199980, at *3 (D. Colo. June 24, 2013) (doing the same). And sixth, Plaintiffs confess the point in their objection when they argue: "Magistrate Judge Chung's reasoning was that, at no point during the reopening of discovery had

---

[1] For example, if Plaintiffs were attempting with a late disclosure, or via the parties' proposed final pretrial order, or at trial, to introduce the pricing expert's testimony, then the *Woodworker's Supply* factors would be in play. This was precisely the scenario in *Woodworker's Supply*, where the plaintiff sought, at trial, to introduce damages never previously disclosed. *Woodworker's Supply, Inc.*, 170 F.3d at 992-93. But here, Plaintiffs sought to reopen discovery for the purpose of designating a new expert. That's different.

permission been given for Plaintiffs to disclose a repricing expert. However, *that was the exact reason for the Motion to Amend the Scheduling Order.*" Dkt. 87, p.5 (emphasis added).

Related to their objection over Judge Chung's application of the *Smith* factors is Plaintiffs' additional objection that Judge Chung's denial of their motion was in clear error of the undersigned's intentions. By this, Plaintiffs are referring to this Court's prior order regarding reopened discovery where this Court ordered: "to the extent Plaintiffs seek damages calculated to include demolition and rebuild of the home, Defendants may disclose one expert or rebuttal expert to offer opinions on those damage categories." Dkt. 72, p.6. Based on this sentence, and rather than seeking clarification from this Court, Plaintiffs intuit that "when Judge Crews issued his order, he did so knowing that if Plaintiffs were to adjust their damages in just a drastic amount, and based on such technical information, that an expert would be needed in order to verify those damages." Dkt. 87, p.7. They further divine that "[i]t would be difficult to believe that Judge Crews would issue an order allowing a rebuttal expert on a topic that he does not believe an affirmative expert would be used for." *Id.* But neither of these interpretations are so.

Had they sought clarification from this Court, the undersigned would have explained that the prior issue before it involved Plaintiffs' disclosure of Dr. Nieusma as an affirmative expert who disclosed, among other topics, a "new damages model" that contemplated a rebuild. *E.g.,* Dkt. 70 (Defendants' objection to magistrate judge

order at Dkt. 69), p.3 ("Although the Order contemplated a narrow reopening of discovery, it did not address the new damages model introduced in Plaintiffs' expert's report."); *see generally id.* (referring to Plaintiffs' "new damages model" at least eight times and its "damages model" at least 11 times). But this "new damages model" was limited to whatever model or opinions Dr. Nieusma offered or calculated on the subject. This made sense because, in their original Motion to Reopen Discovery (Dkt. 60), while they referenced a possible rebuild, Plaintiffs did not then request to disclose a pricing expert, as they do now. Dkt. 60 ("Plaintiffs now request that this Court reopen discovery and allow further disclosure of this new information related to additional damages, as well as allow Plaintiffs to designate expert witnesses in the areas of toxicology, environmental testing and sample collecting, to present damages caused by the exposure to toxic dioxins and furans.").

Thus, the only information presented to this Court at the time was Dr. Nieusma's report which in some shape or form contained a "new damages model" implicating a rebuild. Therefore, this Court ruled in reference to the limited discovery that was allowed, "*to the extent* Plaintiffs seek damages calculated to include demolition and rebuild of the home, *Defendants* may disclose one expert or rebuttal expert to offer opinions on those damage categories[,]" *i.e.*, in rebuttal to Dr. Nieusma. Dkt. 72, p.6. Nothing in this Court's prior order authorized Plaintiffs' designation of any new experts beyond Dr. Nieusma. And the fact that Plaintiffs filed the instant

6

Motion to Amend Scheduling Order (Dkt. 79) to designate Mr. Phalen suggests this point was understood.

And finally, the Court finds no clear error or anything contrary to law in Judge Chung's weighing of the *Smith* factors. Plaintiffs object to the weight he gave the sixth factor with his consideration of the broad scope of Mr. Phalen's opinions that exceeded the price of a rebuild. The Court finds consideration of the scope of new opinions a party seeks to introduce is an imminently appropriate consideration under the sixth factor, particularly where, as here, Plaintiffs admit the new opinions exceed the scope. Dkt. 87, p.6 ("While perhaps Mr. Phalen's report and opinions may be outside of the disclosed scope of a pricing expert, such opinions are appropriate for a Fed. R. Civ. P. 702 Motion, not a motion to amend the scheduling order.").

*    *    *

For the reasons shared above, the Court finds that nothing in the Objection meets Plaintiffs' burden of demonstrating Judge Chung's discovery order is clearly erroneous or contrary to law. And this Court is not left with a definite and firm conviction that a mistake has been made. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). The Objection (Dkt. 87) is respectfully OVERRULED and the discovery order (Dkt. 86) is AFFIRMED.

7

DATED: November 21, 2025

BY THE COURT:

S. Kato Crews
United States District Judge